## COMMONWEALTH *vs.* GEORGE TOLLIVER.

An indictment for an assault in one town is supported by proof of an assault in another town in the same county and within the jurisdiction of the court.

INDICTMENT for an assault upon John Woods, at Boston. At the trial in the municipal court, *Abbott*, J. allowed the county attorney to introduce evidence to prove an assault upon Woods in Chelsea, notwithstanding the defendant's objection that this was a variance. The defendant, being convicted, alleged exceptions.

*S. D. Parker*, for the defendant, cited *Commonwealth* v. *Springfield*, 7 Mass. 9; *People* v. *Slater*, 5 Hill, 401; *United States* v. *Brown*, 3 McLean, 233; *Rex* v. *Mellor*, Russ. & Ry. 144; *The Queen* v. *Martin*, 1 Denison, 398; 1 Chit. Crim. Law, 196.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J. In criminal prosecutions of a character like the present, it is unnecessary to prove the place of committing the offence to be precisely in accordance with the allegation in the indictment. Place is immaterial, unless when it is matter of local description, if the offence be shown to have been committed within the county. All that is necessary to be shown is, that the offence was committed at any place within the county. 2 Hawk. *c.* 25, § 84. 2 Russell on Crimes, (7th Amer. ed.) 799. 1 Archb. Crim. Pl. (5th Amer. ed.) 99. It was no objection therefore to the competency of the evidence offered, that it tended to prove an assault committed in Chelsea, while the indictment alleged the same to have been committed at Boston, both places being within the county of Suffolk, and equally within the jurisdiction. This rule has been so long recognized and acted upon, that the case presents no new or doubtful question to be solved. *Exceptions overruled.*